## THOMAS FOWLER, Appellant, v. GEORGE D. HOUSTON, Respondent.

Where the death of one of the defendants is put in issue by the pleadings, it should, like every other issue of fact, be left to the jury.

Where the wife, who has no interest in the premises, and who was dead at the time of bringing an action to foreclose a mortgage, is made defendant with her husband, the proper practice upon her death being suggested, would be to strike out her name and allow the plaintiff to proceed against her husband.

Where one of several joint contractors dies, the survivors may be proceeded against without uniting the representatives of the deceased.

Appeal from the District Court of the Second Judicial District, State of Nevada, Ormsby County, Hon. S. H. Wright presiding.

The plaintiff filed his bill in the usual form to foreclose a mortgage on real estate. The defendant, George D. Houston, answered, and among other defenses set up that his wife, Ellen Houston, who was joined as a defendant with him, died on the 7th day of May, A. D. 1864, which was prior to the commencement of this action. Upon the trial, the defendant, Houston, was called as a witness on his own behalf, who testified to the fact of his wife's death, and thereupon his counsel moved the Court to dismiss the action, for the reason, as claimed, that her representatives should have been joined as defendants. The plaintiff, upon such motion being made, asked leave to amend his complaint by adding an allegation to the effect that the defendant, Ellen Houston, had no interest in the premises upon which the mortgage was executed, and by striking out her name from the bill. The Court refused to allow the amendment, and ordered the action to be dismissed, for the reasons that to entitle the plaintiff to foreclose the mortgage, the representatives of Ellen Houston should be made defendants, and that as the plaintiff's claim did not exceed three hundred dollars, the Court had no jurisdiction to render judgment on the note. Judgment for defendant. Plaintiff appeals.

*Atwater & Flandrau*, Attorneys for Appellant.

In the absence of any statutory provisions on the subject, the rights and liabilities of the wife are to be determined by the principles of the common law as applicable to a *femme covert*. Under that law she was incapable of holding or owning real or personal property, and the *legal presumption* is, that the property described in the mortgage was the property of the husband, George D. Houston.

(Chitty's Black, vol. 1, pp. 434–5 (side paging) ; Clancy on Rights of Married Women, p. 1, *et. seq.* ; 2 Kent's Com. p. 129, *et. seq*). And at common law the husband is administrator of the wife. (2 Black. Com. 515–16 ; Kent's Com. vol. 2, p. 167 (note) ; 1 Ves. Jun. 186 ; *Ferguson* v. *Smith*, 2 John. Ch. 139 ; 2 Storey's Eq. Jur., sec. 1378 ; Chitty's Plead., vol. 1, p. 59 ; *Brumskill* v. *James et al.*, 1 Ker. 294 ; *Pixley* v. *Huggins et al.*, 15 Cal. 127 ; 15 Cal. 308.)

The Court erred in dismissing the action, since they did not set up that any other party was interested in the premises, nor did it appear by the answer that there was a nonjoinder of parties in interest.

If such were in fact the case, the defendant waived it by pleading to the merits.

In any event the defendant Houston is a proper party to the action, and it was error to dismiss as to him. (*Repple* v. *Gilbone*, 8 How. Pr. R., p. 457 ; *Eckerson* v. *Vollmer*, 11 How. P. R. 42 ; *Wallace* v. *Eaton*, 5 How. P. R. 99 ; *Crooke* v. *Higgins*, 14 How. P. R. 154 ; *Hillman* v. *Hillman*, 14 How. P. R. 456 ; Stat. 1861, p. 321, sec. 45 ; 6 How. 259 ; Chitty on Pl., vol. 1, p. 452.)

It was an abuse of discretion in the Court in not allowing the amendment offered by the plaintiff on the trial. No delay was asked by plaintiff, and no prejudice to the defendant was claimed or would have resulted from the allowance of the amendment.

The judgment of dismissal was wrong any way. The case was not one which the Court had a right to dismiss under the statute. (Stat. 1861, p. 338, sec. 148.)

The plaintiff was entitled to have the case go to the jury, as

he had proved a sufficient case to the jury. Besides, the defendant admits in the answer that he is owing seventy-eight dollars on the note, and we were entitled to judgment for that amount on the pleadings.

*William Patterson*, Attorney for Respondent.

The Court did not err in dismissing the action so far as the mortgage was concerned, as one of the defendants had been dead a long time before the action was brought. (Chitty on Pleadings, pp. 19, 50.)

The Court did not err in refusing to allow the plaintiff to amend the complaint, for if he had been allowed to amend, the proposed amendments would not maintain his action; besides, the fact of the death of one of the defendants was set forth in the sworn answer of the other defendant, and the plaintiff, if he had a right to amend his complaint, ought to have done so before going into the trial of the action.

The Court did not err in dismissing the action as far as the note was concerned, as the Court had not the jurisdiction of the action, as the amount claimed did not exceed three hundred dollars.

Opinion by LEWIS, C. J., full Bench concurring.

This action was brought to foreclose a mortgage executed by the defendant, George D. Houston, and his wife, Ellen Houston. Upon the trial, the plaintiff having introduced the note, mortgage and assignment to himself in evidence, rested his case.

The defendant, George D. Houston, was then called on his own behalf, and testified that his wife Ellen had died prior to the bringing of this action, whereupon defendant's counsel moved the Court upon this testimony to dismiss the action, predicating the motion upon the assumption that Ellen Houston having died before the institution of the action, her representatives should have been joined as defendants. The Court sustained the motion and entered judgment against the plaintiff for costs.

In sustaining this motion the Judge below must have over-looked the fact that the death of the defendant Ellen Houston was an issue of fact made by the pleadings, and, unless admitted by the plaintiff, should have been submitted to the jury like any other issue of fact. The fact of her death is alleged in the answer, and under our practice, if the allegation· is material, it is presumed to be denied by the plaintiff. (Laws of 1864, p. 74, sec. 4.) Here there was a direct issue of fact raised by the pleadings, and the Court, in dismissing the action, not only received the testimony of the defendant Houston as incontrovertible, but took the case from the jury, and by so doing deprived the plaintiff of the opportunity of introducing rebutting testimony, if he had any, upon that point.

If the complaint had shown that the defendant Ellen Houston had no interest in the premises upon which the mortgage was executed, the proper practice upon her death being suggested would have been to strike out her name and to proceed against the other defendant. Where one of several persons liable on a joint contract dies, the survivors may be proceeded against without uniting the representatives of the deceased. (Chitty's Pleadings, 42; *Mott* v. *Petrie*, 15 Wend. 318.)

The only ground, therefore, upon which the defendant, George D. Houston, could claim that his wife's representatives should be made defendants would be that they had some interest in the premises which were subject to the mortgage. The complaint does not show that Mrs. Houston or her representatives had no interest in the premises, but upon the motion to dismiss being made, the plaintiff offered to amend his complaint by adding an allegation to that effect, and he should have been allowed to do so. The Court erred in dismissing the action and in refusing leave to the plaintiff to amend his complaint.

Judgment reversed and cause remanded.